### UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | |
|---|---|
| WENDY P., | ) |
| | ) |
|         Plaintiff | ) |
| | ) |
| v. | )   No. 2:20-cv-00291-DBH |
| | ) |
| KILOLO KIJAKAZI, | ) |
| *Acting Commissioner of Social Security,*[1] | ) |
| | ) |
|         Defendant | ) |

### REPORT AND RECOMMENDED DECISION[2]

This Social Security Disability (SSD) and Supplemental Security Income (SSI) appeal raises the question of whether the administrative law judge (ALJ) supportably found the plaintiff capable of performing past relevant work as cashier/checker and, if not, whether a remand for payment of benefits, rather than for further administrative proceedings, is appropriate. The plaintiff seeks remand for an award of benefits on the bases that the ALJ erred (i) at Step 2 of the commissioner's sequential evaluation process in failing to find a medically determinable impairment of fibromyalgia, (ii) at Step 4 in determining that her earnings as a cashier/checker rose to the level of substantial gainful activity (SGA), and (iii) at Step 5 in finding that she could perform two other jobs existing in significant numbers in the national economy, those of personnel clerk and management trainee. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 13) at 5-12.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

The commissioner "opt[s] not to defend" the ALJ's alternative Step 5 finding, effectively conceding the point that the jobs of personnel clerk and management trainee did not exist in significant numbers in the national economy. *See* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 17) at 2, 17. She disputes that there is any error at Steps 2 or 4 but asserts that, even assuming error at either of those steps, a remand with instructions to award benefits is inappropriate. *See id.* at 4-18.

I conclude that the ALJ's Step 4 finding that the plaintiff's work as a cashier/checker was performed at SGA level is unsupported by substantial evidence and, on that basis, recommend that the court vacate the commissioner's decision and remand this case for further proceedings consistent herewith, rather than for an award of benefits. I need not and do not reach the plaintiff's challenge to the ALJ's Step 2 finding that her fibromyalgia was not a medically determinable impairment.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through September 30, 2021, Finding 1, Record at 18; that she had the severe impairment of morbid obesity, Finding 3, *id.* at 19; that she had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she could frequently balance and stoop, occasionally kneel, crouch, and climb ramps or stairs, could not crawl or climb ladders, ropes, or scaffolds, and could not tolerate exposure to unprotected heights, Finding 5, *id.* at 21; that she was capable of performing past relevant work as a cashier/checker as a standalone job, which did not require the performance of work-related activities precluded by her RFC, Finding 6, *id.* at 25; and that she, therefore, had not been disabled from September 1, 2016, her

alleged onset date of disability, through the date of the decision, November 15, 2019, Finding 7, *id*. at 28.  The Appeals Council declined to review the decision, *id*. at 1-4, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

As relevant to this appeal, the ALJ reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work.  20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. §§ 404.1520(f), 416.920(f); Social Security Ruling 82-62 ("SSR 82-62"), reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

## I. Discussion

A claimant is not disabled if she retains the capacity to perform past relevant work.  *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  "Past relevant work is work that [a claimant] ha[s] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it."  *Id*. §§ 404.1560(b)(1), 416.920(b)(1).  "[I]t is the claimant, not the [commissioner] (or ALJ), who has the burden of proving inability to perform her

former type of work." *Gray v. Heckler*, 760 F.2d 369, 372 (1st Cir. 1985). "That burden necessarily includes an obligation to produce evidence on that issue." *Id*.

A claimant's average monthly earnings indicate that she engaged in SGA if they exceed a set amount in a given calendar year. *See* 20 C.F.R. §§ 404.1574(b)(2), 416.974(b)(2). For 2005, that amount was $830 per month. *See* Social Security Administration Program Operation Manual System ("POMS") § DI 10501.015(B) (Policy[,] Table 2[,] Nonblind Individuals Only). The ALJ found that the plaintiff's work as a cashier/checker for Dollar Tree in 2005 exceeded that threshold, explaining:

> The [plaintiff] and her counsel submitted a post-hearing statement arguing that her work as a cashier/checker was not SGA and therefore cannot be considered PRW [past relevant work]. They note that she only worked for five months as a stocker/cashier for Dollar Tree in 2005, and that given her earnings were $3,565 in 2005, her average monthly earnings were about $713, which is below the SGA level of $830. The undersigned rejects this assertion and finds that this work does constitute PRW. First, when questioned at the hearing, the representative had no such objection. Additionally, the [plaintiff]'s affidavit says she began work in August 2005 but she assumes in that affidavit that she worked the entire month of August, thereby dividing her 2005 earnings by 5 months. If in fact she began later in the month, so that the earnings are divided by only four months, she would exceed the SGA level. Notably, the [plaintiff] testified that she worked six months as a cashier/checker, and in the affidavit states that she worked three of those months in 2006, which implies that only three months were worked in 2005. Moreover, the [plaintiff] offered no testimony at the hearing that she worked less than 40 hours per week when she first began, nor does Exhibit 1E[3] reflect any change in hours while working at Dollar Tree.
>
> If the [plaintiff] worked three months in 2005 as a cashier/checker at $6.50 per hour and 40 hours per week, that comes very close to her actual earnings of $3,565 that year. The undersigned concludes that based on all of the available evidence, that is indeed what she did. Therefore, the affidavit submitted post-hearing appears to be a change of testimony in an attempt to avoid a conclusion that she could perform past relevant work, which the undersigned rejects.

Record at 25-26 (citations omitted).

---

[3] As the commissioner notes, *see* Opposition at 15 n.7, Exhibit 1E pertains to the plaintiff's work at Kohl's, *see* Record at 429-40, and the ALJ likely intended to cite Exhibit 6E, a March 2017 work report pertaining to her employment at Dollar Tree, *see id*. at 462, 464, 469.

The plaintiff contends that, in so concluding, the ALJ reached a result based on speculation rather than substantial evidence. *See* Statement of Errors at 9-11. The commissioner counters that the plaintiff, who bore the burden of proof and persuasion at Step 4, supplied ambiguous evidence that the ALJ reasonably deemed insufficient, resolving those ambiguities against her. *See* Opposition at 13-17. The plaintiff has the better argument.

Although, in her post-hearing affidavit, the plaintiff stated for the first time that her "memory" was that she "began with Dollar Tree on or about August 5, 2005[,]" Record at 567, she had consistently indicated that she worked for Dollar Tree from 2005 through 2012, and, to the extent that she specified the month in which she started, that it was August 2005. *See* Record at 115-16 (testimony), 446, 453 (Job History Report dated February 15, 2017), 462, 469 (Work History Report dated March 8, 2017), 491, 498 (Work History Report dated November 14, 2017), 521 (Claimant's Work Background updated in 2018).

While the ALJ correctly observed that Exhibit 6E (miscited as Exhibit 1E) does not reflect any period of less than full-time work for Dollar Tree from 2005 through 2012, *see id*. at 26, 464, the plaintiff described only her work as an assistant manager in that report, not her initial work as a cashier/checker, *compare id*. at 464 *with id*. at 115-17.

Finally, while the plaintiff testified at hearing that she worked as a cashier/checker in Portland for the "first six months" of her Dollar Tree employment before transferring to Biddeford as an assistant manager, *id*. at 116, yet indicated in her affidavit that she had worked a total of approximately eight months as a cashier/checker (from August 2005 through March 2006) before becoming an assistant manager in April 2006, *id*. at 567, that discrepancy, standing alone, does not support a finding that she worked as a cashier/checker for only three months in 2005 or, alternatively, for less than five months in 2005.

5

The ALJ's finding that the plaintiff's past relevant work as a cashier/checker was performed at SGA level, hence, is unsupported by substantial evidence.[4] I agree with the commissioner, however, that the plaintiff has not shown that the case should be remanded with instructions to award benefits.

"A remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits." *Sacilowski v. Saul*, 959 F.3d 431, 441 (1st Cir. 2020) (citation and punctuation omitted). That is not the case here. As the commissioner observes, the record is not clear on whether the plaintiff performed the cashier/checker job at SGA level, and "[a]dditional evidence or witnesses may be available as to the hours and dates Plaintiff worked between August 2005 and April 2006, which would shed light on whether her earnings in this position ever rose above the [SGA] threshold." Opposition at 18. Indeed, at oral argument, the plaintiff's counsel indicated that additional vocational information had been obtained post-hearing bearing on the question of whether the cashier/checker job was performed at SGA level. Accordingly, remand for further development of the record regarding this material issue is warranted.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

---

[4] In determining that the cashier/checker job was performed at SGA level, the ALJ also correctly noted that when he asked the plaintiff's counsel at hearing whether counsel had any objection to the classification of that job as past relevant work, counsel indicated he did not. *See* Record at 25-26, 119. Yet, the ALJ did not find, and the commissioner does not argue, that this constituted a waiver of the plaintiff's SGA challenge, *see id.* at 25-26; Opposition at 13-17. In any event, I independently find that it did not. From all that appears, the plaintiff's counsel double-checked the plaintiff's earnings immediately after the October 3, 2019, hearing, spoke with the plaintiff, and submitted her affidavit by cover letter dated October 9, 2019, *see* Record at 565, less than one week after the hearing.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 6th day of September, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge